# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY JOHNSON,              :
      Plaintiff,               :
                         :
      v.                    :       CIVIL ACTION NO. 20-CV-4985
                         :
UNKNOWN DET. PHILA POLICE, *et al.*, :
      Defendants.          :

## MEMORANDUM

YOUNGE, J.                                            **DECEMBER 16, 2020**

Plaintiff Gregory Johnson has filed this civil rights action pursuant to 42 U.S.C. § 1983 against an unknown female Philadelphia Police detective; an unknown male Philadelphia Police detective; the Philadelphia District Attorney's Office; and the Warden at CFCF (Curran-Fromhold Correctional Facility). *See* ECF No. 1 at 2-3.[1] Each Defendant is sued in their individual and official capacities. (*Id.*) Johnson also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

The allegations in Johnson's Complaint are brief. The Court understands Johnson's Complaint to be alleging constitutional claims pursuant to 42 U.S.C. § 1983, specifically averring that his rights were violated by an "unlawful arrest" and related detention, as well as a "failure to investigate." (*Id.* at 3.) Johnson asserts that the events giving rise to his claim occurred on October 28, 2018 at "2226 N. 21 St." in Philadelphia, Pennsylvania. (*Id.* at 4.) Johnson avers that "everyone" failed to "investigate any other subject." (*Id.*) The Complaint

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

states that "police [and] D.A. accept[ed] a complaint never investigating" causing Johnson to lose his job and personal property.  (*Id.*)  Johnson alleges that during trial, "it was shown police never investigate[d] and just charged and imprison[ed] [him] when matter could have been resolved at district."  (*Id.*)

Johnson seeks to have his personal items replaced as well as compensation for time spent in prison and money lost.  (*Id.* at 5.)  Johnson also avers that he "lost teeth [be]cause of dentist." In total, Johnson seeks compensation in the amount of $500,000 in order to "get back all [he] lost or suffered."  (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, Johnson's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.* As Johnson is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.

*See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).

    "A defendant in a civil rights action must have personal involvement in the alleged

wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal

involvement of each defendant in the alleged constitutional violation is a required element and a

plaintiff must allege how each defendant was involved in the events and occurrences giving rise

to the claims).  Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

### A.  Johnson's Complaint Fails to State a Claim

    Liberally construed, the Court understands Johnson to be alleging Fourth Amendment

claims for false arrest, false imprisonment, and malicious prosecution.  To state a claim for false

arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts

establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71

F.3d 480, 482 (3d Cir. 1995).  "[P]robable cause to arrest exists when the facts and

circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a

reasonable person to believe that an offense has been or is being committed by the person to be

arrested."  *Id.* at 483.  "False arrest and false imprisonment claims will 'necessarily fail if

probable cause existed for any one of the crimes charged against the arrestee.'"  *Harvard v.*

*Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457,

477 (3d Cir. 2016)).  A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Johnson insinuates that he was falsely arrested and improperly charged as a result of a "failure to investigate."  However, he does not allege the crimes with which he was charged or discuss the circumstances surrounding his arrest to support a contention that probable cause was lacking for his arrest and prosecution.  *See, e.g.*, *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").  He also does not provide a criminal docket number or state that the charges in question terminated in his favor, as is necessary to state a malicious prosecution claim. Accordingly, the Complaint is too vague and conclusory to state a plausible claim.

Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Johnson has made no allegations

describing how any specific individuals were personally responsible for any alleged constitutional violations.  In fact, there no specific allegations in the Complaint as to any of the named Defendants.

While Johnson has failed to state a plausible claim at this time, the Court is not prepared to find that Johnson cannot, if granted the opportunity, state a plausible claim for relief against the appropriate and relevant defendants.  Accordingly, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Johnson will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed with the case.  In so doing, however, Johnson should be mindful that his Complaint is deficient for other reasons as well. These deficiencies are noted in the sections that follow.

### B.      Claims Against the Philadelphia District Attorney's Office

Johnson includes the Philadelphia District Attorney's Office as a Defendant in his Complaint but does not refer to it in the body of his Complaint.  Even if he did, any § 1983 claims against the Philadelphia District Attorney's Office must be dismissed as frivolous because it "is not an entity for purposes of § 1983 liability."  *See Allen v. Dist. Attorney's Office of Philadelphia*, 644 F. Supp. 2d 600, 611 (E.D. Pa. 2009) (quoting *Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir.1997).  Accordingly, Johnson's claims against the Philadelphia District Attorney's Office will be dismissed with prejudice.

### C.      Claims Against the Warden at CFCF

Although Johnson has named the Warden at CFCF as a Defendant in this matter, he does not mention the Warden anywhere in the body of his Complaint.  As noted above, Johnson is obligated to explain how each individual named as a Defendant was personally involved in the violation of his constitutional rights, whether due to the prison official's own misconduct or the

official's deliberate indifference to known deficiencies in a policy or procedure that violated Rivers's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Because Johnson fails to mention the Warden in the body of his Complaint, he has not stated a basis for imposing liability against him. Thus, his claims against the Warden are subject to dismissal at this time.

To the extent Johnson sought to assert claims based on a supervisory liability theory against the Warden, he should be mindful that there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes*, 766 F.3d at 316. First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because Johnson does not explicitly allege the basis for a supervisory liability claim against the Warden, this claim is not plausible and will be dismissed.

D.    **Official Capacity Claims**

It appears that Johnson intended to sue all of the named Defendants in their official capacities in addition to their individual capacities. (ECF No. 1 at 2-3.) Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting

*Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Nothing in the Complaint plausibly suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference.  Accordingly, because Johnson has not stated a plausible basis for a claim against any municipal entity, his official capacity claims against the named Defendants would not be plausible.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Johnson's claims against the Philadelphia District Attorney's Office will be dismissed with prejudice.  His remaining claims will be dismissed without prejudice because they are not plausible as alleged.  The Court cannot, however, state that Johnson can never allege plausible claims against either the unidentified Philadelphia Police detectives or the Warden at CFCF. Accordingly, Johnson will be permitted to file an amended complaint within thirty days if he can state a plausible claim against an appropriate defendant or defendants.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

**/s/ John Milton Younge**
_____
**JOHN M. YOUNGE, J.**